**MOORE–McCORMACK LINES, INC.,**
**Libellant,**

v.

**Frederick L. EPSOM, Respondent.**

**No. 64–12.**

United States District Court
D. Massachusetts.

April 23, 1964.

discovery procedures, why the Vaughan aspect of this case, should it develop, cannot be tried as speedily and well in the state court as here.

The motion to dismiss is allowed.

Leo F. Glynn, Boston, Mass., for libellant.

Abraham J. Zimmerman, Brookline, Mass., for respondent.

SWEENEY, Chief Judge.

This is a libel for declaratory judgment brought under 28 U.S.C. § 2201, in which the libellant seeks an adjudication as to whether its refusal to pay maintenance and cure to respondent is reasonable or whether it is unreasonable, thereby permitting respondent to invoke the doctrine of Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962).*

The respondent has moved to dismiss on the ground that an action between these two parties for damages and maintenance and cure, instituted by the respondent here, and arising out of the same events is already pending in the Superior Court of Suffolk County, Massachusetts, and that a seaman's choice of forum cannot be defeated.

In the first place it is at least doubtful whether an "actual controversy," 28 U.S.C. § 2201, exists between these parties with respect to the applicability of the Vaughan doctrine, as counsel for the seaman at no time claimed more than damages and simple maintenance and cure.

Secondly, the libellant has advanced no reason, beyond the availability of federal

---

* The Supreme Court held that on the facts of that case the seaman was entitled to recover reasonable counsel fees as damages for shipowner's failure to pay maintenance and that he was entitled to full maintenance without deduction of amounts earned during the period of illness and convalescence.